**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Ashley S. Wisniewski, SBN 264601
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
Attorneys for Defendants
COUNTY OF YUBA, PATRICK MCGRATH,
MELANIE BENDORF, JOHN VACEK, MARY BARR, and GENE STOBER

Jaime A. Leaños, SBN 159471
**LAW OFFICE OF MORALES & LEAÑOS**
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
TEL: 408.294.6800
FAX: 408.294.7102
Attorneys for Plaintiffs
JESSE I. SANTANA and DAVID VASQUEZ

Jason J. Sommer, SBN 178316
Wendy A. Green, SBN 192584
**HANSEN, KOHLS, JONES, SOMMER & JACOB**
1520 Eureka Road, Suite 100
Roseville, CA 95661
TEL: 916.781.2550
FAX: 916.781.5339
Attorneys for Defendant
TIMOTHY EVANS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE I. SANTANA AND DAVID VASQUEZ, | Case No. 2:15-cv-00794-KJM-EFB |
| Plaintiff,<br>v. | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| THE COUNTY OF YUBA, et al.,<br>Defendants._____/ | Complaint Filed: 04/13/2015<br>1st Amended Complaint filed: 04/22/2015<br>2nd Amended Complaint filed: 09/09/2016 |

///

///

///

{01687947.DOCX}   1

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1. **PURPOSE AND LIMITATIONS**

Plaintiffs have requested that the County of Yuba provide a copy of the District Attorney's file regarding Joe Griesa. That file contains confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under Fed. R. Civ. P. 26(c).

Specifically, parties in this action, in good faith, believe that certain documents contained in the Joe Griesa criminal file contain information that is (a) confidential, sensitive, or potentially invasive of a minor's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

In light of the sensitive nature of the documents potentially to be disclosed and the strong presumption against disclosure of such information pursuant to 18 U.S. Code § 3509 (d) and all other applicable federal and state privacy laws, the parties hereby request that any such disclosure be governed by a court-ordered protective order.

The parties believe a court order, not a private agreement, properly facilitates the limited disclosure of such documents while protecting them from general disclosure. While this order seeks to protect information specific to the underlying criminal cases of Plaintiffs and the identity of third-party victims, the sheer volume of documentation related to these cases makes a protective order necessary to protect these interests.

The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; E.D. Cal. L.R. 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

{01687947.DOCX}

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

## 2. DEFINITIONS

2.1 **Challenging Party:** a Party to this litigation that challenges the designation of information or items under this Order.

2.2 **Designating Party:** a Party to this litigation that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.3 **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to this litigation or its Counsel to serve as an expert witness or as a consultant in this action.

2.4 **Party:** any Party to this litigation, including its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff).

2.5 **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.6 **Receiving Party:** a Party to this litigation that receives Disclosure Material or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulated Protective Order cover the Joe Griesa criminal file, which is Bates-numbered YUBA SANTANA 000001-009935, including: (1) any information copied or extracted from those materials; (2) copies, excerpts, summaries, or compilations of those materials; and (3) any testimony, conversations, or presentations by a Party or their Counsel that might reveal protected information regarding those materials.

The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 4. DURATION

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 **Designating Party:** The County of Yuba has conditionally produced records regarding the Joe Griesa criminal prosecution. In those records, certain information has been redacted. The County of Yuba designated those documents as confidential. Further, any party, including the County of Yuba, may designate any other portion of the Joe Griesa criminal file as confidential, as set forth herein.

A party may only designate as "CONFIDENTIAL" Information or Items which it has determined in good faith to be sufficient to justify the Court's entry of a protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1.

5.2 **Manner and Timing of Designations:** The County of Yuba has redacted certain portions of the Joe Griesa criminal file. As to those records, it claims confidentiality under the Stipulated Protective Order. Any other portion of the file designated as confidential must be done within 30 days of entry of this Order.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pre-trial or trial proceedings), affix the legend "CONFIDENTIAL" to each page that contains Protected Material, or identifies by Bates number the page claimed to be confidential.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party identify on the record, before the close of the deposition, hearing, or other proceeding all protected testimony.

///

(c)     for information produced in some form other than documentary and for any other tangible items, that the Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s).

## 6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>: Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Timing of Motion for Protective Order</u>: Within seven calendar days of a Challenging Party's challenge to the Producing Party's designation, the Producing Party must move for a protective order pursuant to E.D. Cal. L.R. 251, if it seeks to maintain the Protected Material's designation as "CONFIDENTIAL" and subject to this Stipulated Protective Order. If the Producing Party fails to move for a protective order within the specific seven calendar days, the Producing Party automatically waives each challenged Protected Material's designation as "CONFIDENTIAL" and subject to this Stipulated Protective Order.

6.3     <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without Court intervention, the Producing Party's motion for protective order must be accompanied by a competent declaration affirming that the movant has complied with this Stipulated Protective Order. Nothing in Stipulated Protective Order precludes a Challenging Party from filing a separate or parallel motion challenging a confidentiality designation at any time, if there is good cause for doing so.

Nothing in this Stipulated Protective Order changes or modifies the Designating Party's burden of persuasion or substantive or procedural obligation in any such confidentiality challenge proceeding, pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1. Unless the Designating Party has waived the confidentiality designation by failing to file a motion for protective order, as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>:  The Parties may use the Joe Griesa criminal file that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  Such material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action;

(b) the officers, directors, and employees/staff of the Receiving Party;

(c) Experts of the Receiving Party;

(d) the Court and its personnel;

(e) Court reporters and their employees/staff, professional jury or trial consultants, mock jurors, and Professional Vendors;

(f) witnesses in the action, during their deposition, unless otherwise agreed by the Designating Party or ordered by the Court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**IT IS SO STIPULATED.**

Dated: July 11, 2017                                  Respectfully Submitted,

By:   /s/Carl L. Fessenden
      Carl L. Fessenden
      Ashley S. Wisniewski
      Attorneys for Defendants
      COUNTY OF YUBA, PATRICK MCGRATH, MELANIE BENDORF, JOHN VACEK, MARY BARR, and GENE STOBER

{01687947.DOCX}                                6

[PROPOSED] STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | Dated: July 11, 2017 | Respectfully Submitted, |

By: /s/Jaime A. Leaños (authorized 06/30/2017)
Jaime A. Leaños, Esq.
LAW OFFICE OF MORALES & LEAÑOS
75 East Santa Clara Street, Suite 250
San Jose, California 95113
Attorneys for Plaintiffs
JESSE I. SANTANA and DAVID VASQUEZ

Dated: July 11, 2017                    Respectfully Submitted,

By:   /s/Wendy A. Green (authorized 06/29/2017)
Jason J. Sommer
Wendy A. Green
HANSEN, KOHLS, JONES,
SOMMER & JACOB
Attorneys for Defendant TIMOTHY EVANS

**IT IS SO ORDERED.**

Dated:  July 11, 2017.
_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE