UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE I. SANTANA, et al., | No. 2:15-cv-00794-KJM-EFB |
| Plaintiffs, | |
| v. | BILL OF COSTS ORDER |
| THE COUNTY OF YUBA, et al., | |
| Defendants. | |

After prevailing on summary judgment, Yuba County defendants filed a bill of costs in the amount of $38,073.46. Plaintiffs moved to stay taxation of costs for untimely filing and, in the alternative, during the pendency of plaintiffs' appeal[1] of the court's summary judgment order. Plaintiffs also object to certain specific cost items sought by defendants in its bill of costs. The court sustains in part and overrules in part the plaintiffs' objections and awards costs in the reduced amount of $29,603.46 as discussed below.

I.  BACKGROUND

The court set forth the relevant facts in its order on summary judgment and incorporates them by reference here. Order on Summ. J., ECF No. 127. On December 12, 2019, defendants filed their bill of costs with the clerk of the court. Bill of Costs, ECF No. 136.

---

[1] The appeal is currently pending. *See* Court of Appeals Docket No. 19-17505.

1

1  Plaintiffs filed objections to defendants' bill of costs, ECF No. 138, and defendants responded,
2  ECF No. 141.
3        The court notes there is some dispute about when the judgment became final.  On
4  September 27, 2019, the court issued an order granting defendants' motion for summary
5  judgment in full as to all claims, except the state law claim for malicious prosecution.  Order on
6  Summ. J.  On November 25, 2019, plaintiffs and defendant Timothy J. Evans filed a stipulation
7  and proposed order for dismissal of the entire action with prejudice and entry of judgment,
8  providing that "each party shall bear its own costs and attorney's fees." ECF No. 131.  That
9  stipulation did not waive Yuba County defendants' right to recover costs.  *Id*.  On November 26,
10 2019, the court issued a minute order dismissing the action, with prejudice, in its entirety and
11 adopting the stipulated proposed order, ECF No. 132.  On December 3, 2019, Yuba County
12 defendants filed a proposed order for final judgment, ECF No. 133, which the court did not adopt.
13 II.    LEGAL STANDARD
14       Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a prevailing party is
15 entitled to an award of costs, other than attorney's fees, "[u]nless a federal statute, [federal] rules,
16 or a court order provides otherwise."  There is a presumption that the prevailing party will be
17 awarded its taxable costs; to overcome this presumption, a losing party must establish a reason to
18 deny costs.  *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  Title 28 U.S.C.
19 § 1920 defines the term "costs" as used in Rule 54(d) and enumerates expenses that a federal
20 court may tax as costs.  Section 1920 is phrased permissibly because Rule 54(d) "vests in the
21 district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of*
22 *California*, 231 F.3d 572, 591 (9th Cir. 2000).  Such discretion is not unlimited.  *Id.*  "To permit
23 proper review, a district court may not deny costs to a prevailing party without specifying reasons
24 for the refusal." *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003).
25 /////
26 /////
27
28

III.     DISCUSSION

     A.     Whether Costs Should be Denied on the Basis that Bill of Costs was Untimely

Plaintiffs assert defendants did not submit the bill of costs on time, citing Federal Rule of Civil Procedure 54(d), which provides the bill of costs should be filed "no later than fourteen days after entry of judgment," Fed. R. Civ. P. 54(d)(2)(B)(i) and Eastern District Local Rule 292(b), requiring the filing of bill of costs within "fourteen (14) days after entry of judgment or order under which costs may be claimed."

According to plaintiffs, this rule required defendants to file its bill of costs within fourteen days of "the court's entry of final judgment, on November 26, 2019, (ECF No. 132) . . . [meaning] the cut-off date . . . was December 10, 2019." Obj. at 2, ECF No. 138. Defendants counter that "[i]nstead of issuing a final judgment in favor of Yuba County Defendants, the court issued a minute order dismissing the remaining claims . . . that included the clause that each party will bear their own costs and attorney fees . . . Since there was no other judgment entered . . . on December 3, 2019 Yuba County Defendants filed a proposed judgment to clarify they were the prevailing party to filing and serving their bill of costs," Resp. at 4, ECF No.141; *see generally* Proposed Judgment, ECF No. 133.

The time period prescribed in Rule 54 for a party to file a bill of costs is "after entry of judgment." The court's "minute order *did* constitute a dispositive order in compliance with Fed. R. Civ. P. 58 where the document (1) stated on its face that it was an order; (2) was mailed to the parties; and (3) was entered on the docket as an order." *Ingram v. ACandS, Inc*., 977 F.2d 1332, 1338 (9th Cir. 1992) (emphasis in original). The court nonetheless finds plaintiffs' argument does not justify a denial of costs in this case. Yuba County defendants explain plaintiffs were not prejudiced in any way by the fact defendants filed their bill of costs on December 12, 2019, two days after December 10, 2019, "within fourteen days of filing the proposed judgment." Resp. at 4. *See Weber v. TMG Logistics, Inc.*, No. 2:15-CV-01829 WBS, 2018 WL 4566874, at *2 (E.D. Cal. Sept. 21, 2018) (sister court did not disallow costs in their entirety based on a one-day delay which did not cause any prejudice to defendants). Therefore, the court declines to deny defendants costs on the basis of untimeliness.

3

1          B.      Whether the Court Should Stay Taxation of Costs Pending Appeal

2          Plaintiffs asks the court to stay taxation of costs pending their appeal of the court's summary judgment order on the basis that plaintiffs' "success on the appeal would render the instant taxation of costs moot." Obj. at 2.  In determining whether to issue a stay pending appeal, courts consider the following factors: "whether the stay applicant has made a strong showing that he is likely to succeed on the merits; whether the applicant will be irreparably injured absent a stay; whether issuance of the stay will substantially injure the other parties interested in the proceeding; and where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433 (2009).

          Plaintiffs do not address these factors.  In particular, they do not articulate any hardship or irreparable harm they would suffer if the court does not grant a stay.  Entry of a stay is not warranted.

          C.      Fees for Privately Retained Expert Witness Depositions

          Plaintiffs object to costs in the amount of $8,550 related to fees associated with defendants' taking the depositions of two "expert witness[es] that were privately retained by plaintiffs . . . ," noting they were "not court appointed expert witnesses and therefore . . . [the fees are] non-taxable."  Obj. at 5.  Defendants concede "expert deposition fees are non-taxable pursuant to Local Rule 292," but argue the Yuba County defendants should be awarded $40 each for the statutory witness attendance fees defendants were required to pay "Mr. Sprinkles and Mr. Shore . . . in order to depose them." Resp. at 6 (citing *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 976 F. 2d 541, 551–52 (9th Cir. 1992) (noting $40 per diem rate for expert witness attendance is taxable for privately retained experts even when expert witness fees are not).  "Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012).  Section 1920 of Title 28, in turn, "defines the term 'costs' as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987).  That section does not permit the court to tax compensation to a party's retained expert witnesses, but rather only compensation of

4

"court appointed experts." 28 U.S.C. § 1920(6). This court therefore has no authority to tax expert witness fees under Rule 54(d) and § 1920.

A different statute, 28 U.S.C. § 1821, does permit the taxation of expert witness fees, but only for trial and deposition testimony, and only up to $40 per day. *See* 28 U.S.C. § 1821(a)–(b). While there was no trial in this case, Yuba County defendants claim they paid for plaintiff's experts to offer deposition testimony. *See* Resp. at 6. For that reason, the requested expert witness fees are taxable under § 1821. Plaintiffs' objection is overruled, and defendant is awarded a total of $40 each for the statutory witness fee defendants paid the two expert witnesses.

### D. Fees for Videographer Transcripts

Plaintiffs object to the costs related to videotaped depositions of "Mary Barr for $761.90, Melanie Bendorf for $686.90, and, Timothy Evans for $161.81 for a total of $1,610.61." Obj. at 5. Defendants invoke *Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-cv-00171 AWI BAM, 2013 WL 56639, at *5 (E.D. Cal. Jan. 3, 2013), to argue "a videotaped copy of the deposition was necessary" to "properly defend this matter . . . and analyze all evidence Plaintiffs' could potentially introduce at trial." Resp. at 7. Generally, a "district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs." *Saberi v. BFS Retail & Commercial Operations, LLC*, No. C 08-4232 JL, 2011 WL 13258236, at *2 (N.D. Cal. May 23, 2011) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)). Plaintiffs' objection to the fees for videographer transcripts is not supported by any showing to overcome the presumption in favor of an award. This objection is overruled.

### IV. CONCLUSION

For the reasons discussed above, defendant's bill of costs is adjusted to reflect a new total of $29,603.46. The plaintiffs are directed to pay this amount to the Yuba County defendants within fourteen days of this order.

/////

5

1        This order resolves ECF No. 138.

2        IT IS SO ORDERED.

3  DATED: February 9, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE